UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
Plaintiff

vs.                                                                                           8:21-Cr-218-WFJ-AAS

DARRIN TERRANOVA,
Defendant
_____/

**REQUEST FOR VARIANCE PURSUANT TO TITLE 18, U.S.C. SECTION 3553 (a)**

    COMES NOW the Defendant, DARIIN TERRANOVA, by and through his undersigned counsel and requests that this court grant a variance from the applicable United States Sentencing Guideline advisory range and states as follows:

    1.  The Defendant has already made objections to the Pre-Sentence Report advisory guideline calculation based on the "Specific Offense Characteristics" alleged by the Probation Office.  The Defendant pled guilty to Count Four (4) of the Indictment which charged him with Conspiracy to Commit Assault in Aid of Racketeering Activity in violation of 18 U.S.C. Section 1959(a)(6).  It was alleged that the Defendant and others conspired to assault Unforgiven member T.B.  The assault was apparently planned and voted on by members of the Unforgiven but never carried out.

    2.  The Defendant further requests that the court grant a variance pursuant to Title 18 U.S.C Section 3553(a) and sentence the Defendant to a sentence that is sufficient but not greater than necessary to reflect the factors that the court must take into account pursuant to the aforementioned subsection.  The Defendant's advisory guideline as calculated by the United States Probation Office is Level 13, Criminal History Category III, for a range of 18-24 months

in the Bureau of Prisons.

3. The United States Probation Office in its Pre-Sentence Report, Paragraph 156 did find factors which would warrant a departure outside the guidelines including but not limited to the history and characteristics of the Defendant and his current poor health.

## MEMORANDUM OF LAW

**Title 18 Section 3553(a) Factors to be considered in imposing a sentence.**

"The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection".

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

The Defendant was at one time President of the organization known as the Unforgiven. The organization is widely known to law-enforcement as a "white supremacist" organization that thrives mainly in the Florida State Prisons. The organization has a hierarchy of members, by-laws and a constitution that all members take an oath to abide by. The members are provided with a "patch" or a tattoo than symbolizes membership in the organization and can be removed by violent means if necessary if members fail to abide by the rules an laws of the organization. The organization exists primarily for protection against perceived threats to whites from African-Americans in the Florida State Prison. Outside of the prison system, the group regularly has "church" or meetings in which they discuss the status of the organization and any problems that need to be dealt with.

The Defendant and others utilized a social media app called Marco Polo which law-enforcement traced to conversations about removing the patch of T.B. by physical violence in

response to his disrespecting the organization for various reasons, and supporting a former President.  The assault was discussed on various occasions and the Defendant and others had conversations about whether to commit the assault or not.  It isn't apparent that the Defendant ever would have physically taken part in the assault (it was never carried out) but as the President the Government alleges that he had a primary role in the planning of the assault.

      Shortly thereafter the Defendant withdrew from the Unforgiven as its President and as a member.  The Defendant became disillusioned with the organization's purpose which he saw as protection in the prison system for members against African-Americans and to help and aide members find employment and get back on their feet when released from prison.  The Defendant noticed on a daily basis how the organization was becoming more and more violent and intolerant towards its own members.  The Defendant felt that many of the members were just thugs interested in power within the organization and utilizing violence and threats of violence to gain power.  The Defendant wanted no further part of the organization.

      Four (4) months later in retaliation for his withdrawal from the organization the Defendant was assaulted by Unforgiven members.  They also assaulted his fiancé Marilena Dighton.  Marilena suffered eye damage, a chipped tooth and an injury to her jaw.  The Defendant sustained black eyes, knots, bumps all over his head ad swollen ribs.  The Defendant was hospitalized.

      In May, 2021 the Defendant was diagnosed with stage IV leukemia, Lymphocystosis Chronic Lymphocytic Leukemia/Small Lymphocytic Lymphoma and non-Hodkin's Lymphoma.  The Defendant has been receiving treatment for his condition for over one (1) year but the cancer has not gone into remission.

      Given the fact that the Defendant requires specialized treatment for his serious health

condition, a period of incarceration should not be imposed in this instance. In addition, the Defendant withdrew from the conspiracy and was in fact a victim of it himself.

 (2) the need for the sentence imposed -

  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

 The Defendant's charged conduct was limited to planning an assault which never occurred. The Defendant is still friends with the prospective victim of the assault. The Defendant withdrew from the conspiracy because he did not like the developing violent tendencies of its members towards other members. The Defendant spoke out against it and as a result was severely assaulted himself. A period of supervision would be appropriate in this instance due to the Defendant's conscious decision to no longer take part in the Unforgiven

  (B) to afford adequate deterrence to criminal conduct.

 A term of imprisonment when the Defendant withdrew from the conspiracy, was a victim of its own violence and when he now suffers from stage IV cancer would be greater than necessary to afford adequate deterrence to the criminal conduct. The Defendant does not wish to take part in an organization like the Unforgiven ever again. He was disillusioned with its objectives. He spoke out against the violent nature of the organization and paid a heavy price for doing so. The Defendant is particularly concerned for his safety and well-being if he is sentenced to a term in prison. The Defendant believes and probably justifiably so that he still may suffer future reprisals for his outspoken objections to the violence that the organization was carrying out.

  C.  to protect the public from further crimes of the defendant

 The public will be protected from a sentence which is sufficient, but not greater than

necessary to comply with the various sentencing factors the court must consider. The likelihood of recidivism for this particular Defendant is extremely low. The Defendant suffers from a serious form of cancer and is fighting for his life. The Defendant is hardly interested in returning to a life of crime. The Defendant has been on an electronic pre-trial monitoring system on his ankle for over a year with no violations. The Defendant has been afforded opportunities to travel within the middle district to see family and has always returned to his home for house arrest at the appropriate times with no violations. The Defendant is interested in being able to obtain the best possible treatment for his condition and to be gainfully employed.

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Defendant requires specialized treatment for his severe medical condition and would not receive it in the Bureau of Prisons. The Defendant will receive effective medical care should this court sentence him to a period of supervision..

Respectfully submitted,

*s / Ray C. Lopez*
RAY C. LOPEZ, ESQUIRE
RAY C. LOPEZ, P.A.
115 South Albany Avenue
Tampa, Florida 33602
(813) 221-4455
Florida Bar No. 870330
E-mail address:
RCLopezlaw@verizon.net
Attorney for the Defendant,
Darrin Terranova

**CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that on August 15, 2022 I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to the Office of the United States Attorney.

                    *s / Ray C. Lopez*
                    RAY C. LOPEZ, ESQUIRE